IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
LAREDO DIVISION

| | | |
|---|---|---|
| **EDWARD THOMAS HERNANDEZ,** *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 5:23-CV-00027 |
| **JAMES ROBERT LISTER AND MIDWEST ENERGY SYSTEMS, LLC,** *Defendants.* | § § § § | |

## PLAINTIFF'S FIRST AMENDED COMPLAINT

NOW COMES, Plaintiff **EDWARD THOMAS HERNANDEZ**, hereinafter referred to by name or as "Plaintiff," and complains of Defendants **MIDWEST ENERGY SYSTEMS LLC** and **JAMES ROBERT LISTER**, hereinafter referred to by name or as "Defendants," and for cause of action would respectfully show unto the Court as follows:

## I.
## PARTIES

1.     Plaintiff **EDWARD THOMAS HERNANDEZ** is an individual residing in Laredo, Texas.

2.     Defendant **JAMES ROBERT LISTER** is an individual residing in Bismarck, North Dakota. Defendant has made an appearance in this lawsuit through his attorney of record.

3.     Defendant **MIDWEST ENERGY SYSTEMS LLC** is a business entity conducting business in the state of Texas. Defendant has made an appearance in this lawsuit through his attorney or record.

## II.
## JURISDICTION & VENUE

4.     The Court has jurisdiction over this lawsuit because it is a cause of action between **EDWARD HERNANDEZ** a citizen of Texas, Defendant **JAMES ROBERT LISTER** a citizen of North Dakota, Defendant **MIDWEST ENERGY SYSTEMS LLC** a business entity registered

in North Dakota, and the amount in controversy exceed $75,000, exclusive of interest and costs. 28 U.S.C. §1332(a)(1).

5. This Court has personal jurisdiction over the Defendants because Defendants purposefully availed themselves of the privilege of conducting business activities within the State of Texas and the Defendants' contacts with the State gave rise to, or are related to, the Plaintiff's claims, i.e., the Defendants committed a tort in the State of Texas while conducting business and/or executing a contract within the State of Texas. Accordingly, the Court's exercise of jurisdiction over Defendants does not offend due process.

6. Additionally, each of the Defendants has answered and appeared in this case without challenging jurisdiction and has joined in removal of this case to this Court. Consequently, Defendants have submitted themselves to this Court's jurisdiction.

7. Venue is proper in this Court because this judicial district is where a substantial part of the events or omissions giving rise to the claim occurred. 28 U.S.C.A. Section 391 (b)(2).

8. Additionally, each of the Defendants has answered and appeared in this case without challenging venue and has joined the removal of this case to this Court. Consequently, Defendants have assented to venue in this judicial district.

### III.
### CONDITIONS PRECEDENT

9. All conditions precedent to the filing of this lawsuit have been performed or have occurred.

### IV.
### STATEMENT OF FACTS

10. On or about June 2, 2021, Plaintiff **EDWARD THOMAS HERNANDEZ** was lawfully traveling eastbound in the 500 block of Matamoros Street in Webb County, Texas. At approximately the same time, Defendant **JAMES ROBERT LISTER**, was operating a 2016

Freightliner commercial motor vehicle in the same direction as Plaintiff on Matamoros Street, failed to keep a proper lookout, made an unsafe lane change, and collided with the side of the vehicle occupied by Plaintiff. As a result of this collision, Plaintiff sustained injuries and damages as further set out below.

11. Upon information and belief, the 2016 Freightliner Defendant **JAMES ROBERT LISTER** was operating at the time of the collision was owned by Defendant **MIDWEST ENERGY SYSTEMS LLC**.

12. Upon information and belief, Defendant **JAMES ROBERT LISTER** was acting within the course and scope of his employment with, in furtherance of the business of, and/or under the federal motor carrier authority of Defendant **MIDWEST ENERGY SYSTEMS LLC** at the time of the subject collision.

13. As a result of the subject collision, Plaintiff **EDWARD HERNANDEZ** suffered injuries and damages as set forth herein.

## V.
## CAUSES OF ACTION AGAINST JAMES ROBERT LISTER

### A.  NEGLIGENCE

14. The occurrence made the basis of this suit, reflected in the above paragraph, and the resulting injuries and damages of Plaintiff were proximately caused by the negligent conduct of Defendant **JAMES ROBERT LISTER**. Defendant operated the vehicle he was driving in a negligent manner because he violated duties that he owed Plaintiff to exercise ordinary care in the operation of the subject commercial motor vehicle in one or more of the following respects:

   a. in failing to keep a proper lookout or such lookout, which a person of ordinary prudence would have maintained under same or similar circumstances;

   b. in changing lanes when unsafe to do so in violation of Section 545.060 of the Texas Transportation Code;

  c. in failing to maintain an assured clear distance from the vehicle occupied by Plaintiff in violation of Section 545.062 of the Texas Transportation Code;

  d. in driving at a speed greater than was reasonable and prudent under the circumstances in violation of Section 545.351 of the Texas Transportation Code;

  e. in failing to maintain control of the subject commercial motor vehicle; and

  f. in driving his vehicle while distracted.

Defendant's negligence was a proximate cause of Plaintiff's injuries alleged herein.

15. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, which proximately caused the subject collision and injuries and other losses as specifically set forth herein.

## VI.
## CAUSES OF ACTION AGAINST MIDWEST ENERGY SYSTEMS LLC

  A. **RESPONDEAT SUPERIOR/NEGLIGENCE**

16. Defendant **MIDWEST ENERGY SYSTEMS LLC** is liable under the theory of *respondeat superior* in that Defendant **JAMES ROBERT LISTER** was acting within the course and scope of his employment with, in furtherance of the business of, and/or under the federal motor carrier authority of Defendant **MIDWEST ENERGY SYSTEMS LLC** at the time the incident occurred. At a minimum, Defendant **JAMES ROBERT LISTER** was Defendant **MIDWEST ENERGY SYSTEMS LLC's** statutory employee at the time of the subject collision.

17. Defendant **MIDWEST ENERGY SYSTEMS LLC** is responsible for the acts and/or omissions of Defendant **JAMES ROBERT LISTER** which whether taken singularly or in any combination, constitute negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein.

  B. **NEGLIGENT HIRING/RETENTION/TRAINING/ENTRUSTMENT**

18. In addition, upon information and belief, Plaintiff alleges, Defendant **MIDWEST**

**ENERGY SYSTEMS LLC** was independently negligent in one or more of the following aspects:

a. negligent hiring and retention, including its failure to comply with state law, federal law, and/or industry standards regarding the screening and hiring of commercial drivers, including but not limited to its violation of 49 CFR 391, et al.;

b. negligent training, including its failure to comply with state law, federal law, and/or industry standards regarding driver training, including but not limited to its violation of 49 CFR 390-393, 395 & 396, et al.;

c. negligent supervision, including its failure to comply with state law, federal law, and/or industry standards regarding HOS requirements governing commercial drivers, including but not limited its violation of 49 CFR 395, et al.;

d. negligent driver qualifications, including its failure to comply with state law, federal law, and/or industry standards regarding the qualification of commercial drivers, including but not limited to its violation of 49 CFR 391, et al;

e. in permitting a disqualified commercial driver to operate under its motor carrier authority in violation of state law, federal law, and/or industry standards, including but not limited to its violation of 49 CFR 391, et al;

f. negligent maintenance and/or repair, including its failure to inspect, repair, and maintain the subject tractor trailer in violation of state law, federal law, and/or industry standards, including but not limited to 49 CFR 393 & 396, et al.; and

g. negligent entrustment.

19. Defendant **MIDWEST ENERGY SYSTEMS LLC** is liable for the negligent entrustment of the subject commercial vehicle to Defendant **JAMES ROBERT LISTER**. Upon information and belief, Defendant **MIDWEST ENERGY SYSTEMS LLC** owned and/or controlled the vehicle operated by **JAMES ROBERT LISTER** at the time of the collision that makes the basis for Plaintiff's lawsuit.

20. Upon information and belief, Defendant **MIDWEST ENERGY SYSTEMS LLC** negligently entrusted the company vehicle to **JAMES ROBERT LISTER**, whom Defendant knew or should have known was an unlicensed, incompetent, and/or reckless driver. Defendant violated the duty to exercise ordinary care in the entrustment and operation of the subject

commercial vehicle.

21. Each of these acts and/or omissions, whether taken singularly or in any combination constitutes negligence, which proximately caused the collision and injuries and other losses as specifically set forth herein.

## VII.
## DAMAGES

22. As a direct and proximate result of the collision and the negligent conduct of the Defendants, Plaintiff **EDWARD THOMAS HERNANDEZ** suffered bodily injuries.

23. As a further result of all of the above, Plaintiff has incurred expenses for medical care and attention. These expenses were incurred for the necessary care and treatment of Plaintiff's injuries, which resulted from the subject collision. The charges for this medical care are/were reasonable and are/were the usual and customary charges made for such services in the County where they were incurred.

24. As a further result of the injuries sustained by the Plaintiff, there is a reasonable probability that he will require further medical care and attention and will incur future reasonable and necessary expenses for medical care and attention. The estimated charges associated with this need for future medical are reasonable and are the usual and customary charges made for such services in the County where they will likely be incurred.

25. Plaintiff asserts that the amount of any monetary damages awarded to Plaintiff should be decided by a jury of his peers.

## VIII.
## INTEREST

26. Plaintiff further requests both pre-judgment and post-judgment interest on all his damages as allowed by law.

## IX.
## JURY DEMAND

27.     Plaintiff demands a trial by jury and tenders payment this date of the required jury fee.

## X.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendants be cited to appear and answer, and on final trial hereafter, the Plaintiff have judgment against Defendants, jointly and severally, in an amount within the jurisdictional limits of this Court, together with all pre-judgment and post-judgment interest as allowed by law, costs of Court, and for such other and further relief to which Plaintiff may be justly entitled by law and equity, including, but not limited to:

a) Physical pain and suffering in the past;
b) Physical pain and suffering in the future;
c) Mental anguish in the past;
d) Mental anguish in the future;
e) Past medical expenses;
f) Future medical expenses;
g) Physical impairment in the past;
h) Physical impairment in the future;
i) Physical disfigurement in the past;
j) Physical disfigurement in the future;
k) Loss of past/future wages / earning capacity;
l) Pre-judgment interest;
m) Post-judgment interest; and
n) Property damage and diminution of property value.

(Signature to Follow on Next Page)

Respectfully submitted,

SANDOVAL | JAMES, PLLC

By: */s/ Benedict James*_____
Benedict "Ben" James
Federal Bar No.: 1457938
Texas Bar No.: 24058518
Benedict.James@sj-lawfirm.com
Eric A. Wolfe
Texas Bar No.: 24061056
*Admitted Pro Hac Vice*
Eric.Wolfe@sj-lawfirm.com
Esteban Sandoval
Texas Bar No.: 240616056
*Admitted Pro Hac Vice*
Esteban.Sandoval@sj-lawfirm.com
4807 Spicewood Springs Road,
Bldg 2, Suite 100
Austin, TX 78759
Tel.: (512) 382-7707
Fax: (512) 382-6646

**ATTORNEYS FOR PLAINTIFF**

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing has been filed pursuant to the electronic filing requirements of the United States District Court for the Southern District of Texas on this the 3rd day of April, 2023, which provides for service on counsel of record in accordance with the electronic filing protocols in place.

*Via E-Service*
Edward L. Osuna
Eosuna@satx.law
Nicholas Parma
Nparma@satx.law
411 Heimer Road
San Antonio, Texas 78232
(210) 377-1990
**ATTORNEYS FOR DEFENDANTS**

                                        */s/ Benedict James*_____
                                        **Benedict James**